**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KELVIN HOUSTON,<br><br>          Plaintiff - Appellant,<br><br>     v.<br><br>MIKE KNOWLES, Warden; et al.,<br><br>          Defendants - Appellees. | No. 13-15038<br><br>D.C. No. 2:09-cv-00178-GEB-EFB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

California state prisoner Kelvin Houston appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging, among other claims, that defendants wrongfully placed and retained him in administrative segregation in violation of the Fourteenth Amendment. We have jurisdiction under

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed Houston's due process claim because Houston failed to allege sufficient facts to show that defendants violated his constitutional rights by placing him in administrative segregation. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (no due process violation if restraint imposed is not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

The district court properly dismissed Houston's equal protection claim because Houston failed to allege sufficient facts to show that he has been treated differently from any other similarly situated persons without a rational basis, *see Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601-03 (2008), or that he was intentionally discriminated against on the basis of his membership in a protected class, *see Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

**AFFIRMED.**